## Ex parte YANG YUM.

(District Court, N. D. California, Second Division. June 29, 1923.)

### No. 17848.

Aliens &#x21CC;23(1)—Chinese identified by accredited official as his son is entitled to enter.

Under the provisions of Chinese Exclusion Act Sept. 13, 1888, § 14 (Comp. St. § 4314), that the act shall not apply to diplomatic or consular officers or their attendants, which had been uniformly construed to entitle the family of accredited officials to admission, one who claims a

right to enter as the son of an accredited official cannot be required to prove his relationship, as is required in a case of the son of a merchant, but is entitled to enter on being identified by the official as his son.

Habeas corpus proceeding by Yang Yum, otherwise known as Yang Him. On demurrer to the petition for the writ. Demurrer overruled, and writ issued.

George A. McGowan, of San Francisco, Cal., for petitioner.

John T. Williams, U. S. Atty., and Alma M. Myers, Asst. U. S. Atty., both of San Francisco, Cal., for respondent.

DOOLING, District Judge. Applicant arrived at the port of San Francisco in 1918, coming here in company with an accredited official of the Chinese government, who claimed to be his father. The official was admitted, but after long delays, due to various causes not necessary to recount here, the applicant was denied admission, because the department was not satisfied that the alleged relationship had been proven.

The Chinese Exclusion Act contains the following provision:

"The preceding sections shall not apply to Chinese diplomatic or consular officers or their attendants, who shall be admitted to the United States under special instructions of the Department of Labor, without production of other evidence than that of personal identity." Comp. St. § 4314.

The department has uniformly held that members of the family of an accredited official are covered by the foregoing section and entitled to admission, but in the present case has held that the relationship must be established to a reasonably satisfactory degree, and that the alleged officials and their claimed children may be examined in order to test out the truthfulness of their claims. The practical result of this rule of course would be to place the son of an official upon the same plane as the son of a merchant—acknowledging his right to enter, but requiring practically the same proof of relationship.

The right to enter, however, under this section, being conceded, the same proof of relationship suffices thereunder in the case of a son as in the case of an attendant; that is to say, evidence of personal identity. I think this much has been confided by Congress to the honor of the exempt officials, in the belief that they will not abuse the privilege accorded them to come here freely and bring with them their family and attendants, and that when the official points out to the department his family and attendants, and declares them to be such, they are then entitled to entry with him. If this privilege be abused, the remedy for such abuse is in my opinion to be sought in an amendment to the law, and cannot be found in the simple expedient of discrediting the statements of an official, the examination of whom, in the manner disclosed by the present record, is not at all contemplated by the act.

The demurrer will therefore be overruled, and the writ will issue as prayed for, returnable July 9, 1923, at 10 o'clock a. m.